# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| CARROLL EUGENE DODSON, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:08-0208 |
| ) | |
| T.R. CRAIG, Warden, ) | |
| ) | |
|     Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be denied

## FACTS AND PROCEDURE

**1.     Criminal Action No. 7:94-40106:**

On December 9, 1994, Petitioner was convicted by a jury in the United States District Court for the Western District of Virginia of one count of Continuing a Criminal Enterprise (Count 2s) in violation of 21 U.S.C. § 848, and two counts of Distribution of a Controlled Substance (Counts 6s and 61s) in violation of 21 U.S.C. § 841. United States v. Dodson, Criminal Action No. 7:94-40106 (W.D.Va. May 15, 1995), Document No. 301. On May 15, 1995, the District Court sentenced

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner to a total term of 600 months imprisonment. Id., Document No. 450. Petitioner appealed his sentence to the Fourth Circuit Court of Appeals. In his appeal, Petitioner argued that: (1) there was insufficient evidence concerning his conviction of engaging in a continuing criminal enterprise,(2) the District Court improperly enhanced his sentence for possession of a firearm, (3) the District Court improperly considered an offense in determining the "relevant conduct" drug weight, (4) the District Court improperly denied his motion for a new trial based on newly discovered evidence, and (5) his conviction for conspiracy to distribute powder cocaine and cocaine base and continuing criminal enterprise should be reversed because a special verdict form was not submitted to the jury distinguishing between the different forms of cocaine. On October 23, 1997, the Fourth Circuit affirmed Petitioner's conviction. United States v. Chase, 127 F.3d 110 (4th Cir. 1997). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on June 1, 1998. Chase v. United States, 524 U.S. 905, 118 S.Ct. 2063, 141 L.Ed.2d 140 (1998). By Order entered on June 15, 2000, the District Court reduced Petitioner's sentence to a 524-month term of imprisonment. United States v. Dodson, Criminal Action No. 7:94-40106, Document No. 615. Notice of Retroactive Application of Sentencing Guidelines regarding Petitioner's Crack Cocaine Offense was filed in the Western District of Virginia on March 18, 2008.[2] Id., Document No. 840. By Order entered on April 2, 2008, the District Court granted Petitioner a sentence reduction under 18 U.S.C. § 3582(c)(2). Id., Document No. 849. The District Court reduced Petitioner's sentence to a total term of imprisonment of 456 months. Id. On April 9, 2008, Petitioner filed a Notice of Appeal.

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

Id., Document No. 852. On June 25, 2008, the Fourth Circuit affirmed the District Court's ruling. United States v. Dodson, 283 Fed.Appx. 146 (4th Cir. 2008). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on December 8, 2008. Dodson v. United States, ___ U.S. ___, 129 S.Ct. 742, 172 L.Ed.2d 739 (2008). Petitioner filed a petition for rehearing with the United States Supreme Court, which was denied on February 23, 2009. Dodson v. United States, ___ U.S. ___, 129 S.Ct. 1409, 173 L.Ed.2d 653 (2009).

**2.      Civil Action No. 7:99-0727:**

On September 24, 1999, Petitioner filed in the Western District of Virginia his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dodson v. United States, Civil Action No. 7:99-0727; (Document No. 2, pp. 13 - 15, Exhibit A.) Petitioner alleged the following grounds for *habeas* relief:

(1)   The jury did not receive an instruction that it was required to agree unanimously as to the three drug offenses making up the alleged "continuing series of violations" to find him guilty of conducting a continuing criminal enterprise ("CCE");

(2)   His attorney rendered ineffective assistance of counsel in that he failed to offer a jury instruction defining conspiracy as a lesser included offense of the charge of CCE;

(3)   His attorney rendered ineffective assistance of counsel by failing to move to quash the indictment;

(4)   The prosecution failed to prove the existence of a conspiracy, as charged;

(5)   He was improperly sentenced as if he had participated in a drug-trafficking scheme involving "crack," as opposed to "powder," cocaine.

(Document No. 2, pp. 13 - 15, Exhibit A.) By Memorandum Opinion and Order entered on October 13, 1999, the District Court denied Petitioner's Section 2255 Motion. (Id.) The District Court first determined that "claims (2) through (5) of the present motion are thus clearly well outside the statute

of limitations." (Id.) Concerning Claim (1), the District Court stated as follows:

> It appears that he intends to cite Richardson v. United States, 119 S.Ct. 1707 (1999), which was decided on June 1, 1999. In Richardson, the Supreme Court held that, to find a defendant guilty of conducting a CCE under 21 U.S.C. § 848, a jury must unanimously agree on which three violations of federal drug statutes make up the "continuing series of violations" underlying the CCE and must be instructed as to the need for such unanimity. Whether the decision in Richardson triggered anew the running of the statute of limitations for claim (1) under § 2255 because the decision "initially recognized" the right on which Dodson relies presents an interesting question. However, inasmuch as a review of the record discloses that Dodson could not excuse his failure to raise this issue on direct appeal by showing either "actual innocence" of conducting a CCE under Richardson or both "cause" for such failure and "prejudice" following therefrom, I need not resolve the question because Dodson has, in essence, procedurally defaulted claim (1). See Bousely v. United States, 523 U.S. 614 (1998). Therefore, I must deny relief as to claim (1), as well.

(Id.) On December 3, 1999, Petitioner filed a Motion for Reconsideration. Dodson v. United States, Civil Action No. 7:99-0727, Document No. 5. By Order entered on December 10, 1999, the District Court denied Petitioner's Motion for Reconsideration. Id., Document No. 6. Petitioner filed his Notice of Appeal on December 17, 1999. Id., Document No. 7. On August 4, 2000, the Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. United States v. Dodson, 225 F.3d 655 (4th Cir. 2000). On June 13, 2003, Petitioner filed his second Motion for Reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure . Dodson, Civil Action No. 7:99-0727, Document No. 8. On June 16, 2003, Petitioner filed a Motion for Relief from Judgment. Id., Document No. 9. By Memorandum Opinion and Order entered on March 23, 2010, the District Court construed Petitioner's Motion for Reconsideration and Motion for Relief from Judgment as Section 2255 Motions and denied them as successive. Id., Document Nos. 11 and 12. On June 17, 2004, Petitioner filed a Motion to Amend or Correct Sentence. Id., Document No. 13. By Order entered on October 14, 2004, the District Court denied Petitioner's Motion to Amend or Correct Sentence. Id., Document No. 14.

3.      **Civil Action No. 7:00-0487:**

On June 19, 2000, Petitioner filed in the Western District of Virginia an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. Dodson v. United States, Civil Action No. 7:00-0487, Document No. 1. By Memorandum Opinion and Order also filed on June 19, 2000, the District Court denied Petitioner's Section 2241 Petition. Id., Document Nos. 2 and 3.

4.      **Civil Action No. 7:05-0562:**

On September 9, 2005, Petitioner filed in the Western District of Virginia a Motion for Relief under Rule 60(b) of the Federal Rules of Civil Procedure. Dodson v. United States, Civil Action 7:05-0562. Petitioner alleged the following ground for *habeas* relief: "Whether the District Court's final judgment entered on October 13, 1999, should no longer have perspective application, or whether legal authority justifies granting relief from the operation of that judgment."[3] Id., Document No. 1, p. 2. By Memorandum Opinion and Order entered on September 27, 2005, the District Court construed Petitioner's Motion for Relief as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and dismissed Petitioner's Motion as successive. Id., Document Nos. 2 and 3. Petitioner filed his Notice of Appeal on October 5, 2005. Id., Document No. 4. On January 26, 2006, the Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. Dodson v. United States, 164 Fed.Appx. 358 (4th Cir. 2006). The Fourth Circuit also construed Petitioner's appeal as an application to file a second or successive motion under Section 2255. Id. The Fourth Circuit refused to authorize a successive Section 2255 motion finding

---

[3] Petitioner based his argument upon *Richardson v. United States*. Specifically, Petitioner argued that the court erred by not instructing the jury that "it was required to agree unanimously as to the three drug offenses making up the alleged 'continuing series of violations' to find him guilty of conducting a continuing criminal enterprise."

5

that Petitioner failed to demonstrate that his claim was "based on either (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review, or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found petitioner guilty of the offense." Id.

**5.   Section 2241 Petition:**

On March 27, 2008, Petitioner filed the instant Application alleging that his conviction is invalid based upon Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). (Document No. 2.) Specifically, Petitioner states that his "conviction violates the Constitution or laws or treaties of the United States based on the mandate of the United States Supreme Court in Richardson v. United States." (Id., p. 9.) Petitioner explains that the jury instructions given in his underlying criminal case "clearly violates the mandates of the Supreme Court as defined in Richardson, as such this court must grant the writ of habeas corpus." (Id., p. 10.) Petitioner acknowledges that he filed a Section 2255 Motion challenging his conviction based upon Richardson, but claims that the District Court improperly denied his Motion. (Id.) Petitioner contends that "the district court's earlier denial of relief pursuant to § 2255 relief was flawed and that both the United States Supreme Court and the Fourth Circuit Court of Appeals had determined that Richardson announced a new rule of constitutional law and applied to cases on collateral review." (Id., p. 6.) Petitioner, therefore, contends that Section 2255 is inadequate or ineffective to challenge his conviction. (Id., pp. 10 - 11.)

**DISCUSSION**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or

ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

   The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction in the Western District of Virginia. Petitioner alleges that his "conviction violates the Constitution or laws or treaties

of the United States based on the mandate of the United States Supreme Court in <u>Richardson v. United States</u>, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999)." (Document No. 2.) Specifically, Petitioner appears to argue that he is actually innocence because the District Court improperly instructed the jury.[4] Petitioner is therefore challenging the validity of his conviction, not the manner in which it is being executed. In view of the nature of Petitioner's claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) It is also clear that a second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. This District Court therefore lacks jurisdiction to consider Petitioner's Section 2255 Motion because Petitioner was not sentenced in this District. Rather, jurisdiction is properly in the Western District of Virginia where Petitioner was sentenced. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's

---

[4] In *Richardson v. United States*, the Supreme Court held that to convict a defendant of continuing criminal enterprise, a jury "must unanimously agree not only that the defendant committed some 'continuing series of violations,' but also about which specific 'violations' make up the 'continuing series.'" *Richardson*, 526 U.S. at 813, 119 S.Ct. at 1708.

8


Application in this case should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[5]

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. Petitioner contends that Section 2255 is inadequate or ineffective because the Richardson decision was issued "[n]early one year after the denial of his petition for writ of certiorari." (Document No. 2, p. 5.) On June 1, 1999, the United States Supreme Court issued its decision in Richardson and Petitioner filed his first Section 2255 Petition on September 24, 1999. Thus, Petitioner clearly had the opportunity and did challenge his sentence based upon Richardson in his first Section 2255 Motion.[6] Petitioner's argument based upon

---

[5] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion.

[6] Petitioner appears to contend that Section 2255 was inadequate or ineffective because the *Richardson* decision was issued one year after his sentence become final and he could not timely assert his claim in a Section 2255 Motion. It is clear, however, that Petitioner asserted his jury unanimity claim in his first Section 2255 Motion and the Western District of Virginia did not reject the claim as untimely. (Document No. 2, pp. 13 - 16, Exhibit A.)

Richardson was unsuccessful in his first Section 2255 proceedings before the Western District of Virginia. Dodson, Civil Action No. 7:99-0727. Petitioner appealed the denial of his Section 2255 Motion, and the Fourth Circuit dismissed his appeal noting that "Richardson v. United States, 526 U.S. 813 (1999), is unavailing because Dodson did not raise the jury unanimity claim prior to collateral proceedings and did not establish cause and prejudice or actual innocence to excuse his procedural default." Dodson, 225 F.3d at 655, fn*. Moreover, Petitioner cannot establish that the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal. See Jackson v. Brooks, 2002 WL 32509281, * 3 (E.D.Va. Nov. 20, 2002), aff'd, 61 Fed.Appx. 898 (4th Cir. 2003), cert. denied, 541 U.S. 100, 124 S.Ct. 2044, 158 L.Ed.2d 512 (2004)(finding that petitioner could not meet the requirements of In re Jones because "[w]hile Richardson clarified the requirements for proving a [continuing criminal enterprise] charge, the Court did not decriminalize such behavior"). Thus, Petitioner appears to contend that Section 2255 is inadequate and ineffective because his argument based upon Richardson was ultimately unsuccessful. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Accordingly, the undersigned recommends that Petitioner's Application be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and

a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 6, 2010.

R. Clarke VanDervort
United States Magistrate Judge